UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin M. Murphy and Kathleen K. Murphy,
James L. Lang, Charlene Ann Brady, Erika
R. Hogenson, Harold J. Thompson, III, and
Julianne Thompson, Miriam E. Stone,
Jeffrey A. Kirschbaum, and Tou A. Vang
and May K. Vang

              Plaintiffs,

  v.

Aurora Loan Services, LLC, Aurora Bank
FSB, Mortgage Electronic Registration
Systems, Inc., MERSCORP, Inc., and
Wilford & Geske, P.A.,

              Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-2750 ADM/JJK

_____

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

J. Matthew Goodin, Esq., and Julia C. Webb, Esq., Locke Lord LLP, Chicago, IL, and Eric D. Cook, Esq., and Michael R. Sauer, Esq., Wilford & Geske, PA, Woodbury, MN, on behalf of Defendants Aurora Loan Services, LLC, Aurora Bank FSB, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.

Eric D. Cook, Esq., and Michael R. Sauer, Esq., Wilford & Geske, PA, Woodbury, MN, on behalf of Defendant Wilford & Geske, P.A.

_____

## I. INTRODUCTION

On January 6, 2012, the undersigned United States District Judge heard oral argument on Defendants Aurora Loan Services, LLC, Aurora Bank FSB, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc.'s (collectively "Bank Defendants") Motion to Dismiss Amended Complaint [Docket No. 7] and Defendant Wilford & Geske, P.A.'s ("W&G") Motion to Dismiss Amended Complaint [Docket No. 10]. Additionally, Plaintiffs filed an Amended Motion to Remand [Docket No. 33]. For the reasons set forth below, Bank Defendants' Motion

to Dismiss and W&G's Motion to Dismiss are granted, and Plaintiffs' Amended Motion to Remand is denied.

## II.  BACKGROUND[1]

Plaintiffs are homeowners and mortgagors with residential properties in four different Minnesota counties.  Am. Compl. [Docket No. 6] ¶¶ 1–8.  Plaintiffs allege that they executed original promissory notes and mortgages with an entity different than the Bank Defendants, and that Bank Defendants are not in possession of the promissory notes because they securitized and sold Plaintiffs' promissory notes.  Id. ¶¶ 17–19, 27, 30.  Plaintiffs' Amended Complaint claims that without possession of these promissory notes,[2] Bank Defendants' foreclosure by advertisement of Plaintiffs' properties is unlawful.  Id. ¶¶ 35, 37.  The case was removed from Ramsey County District Court to this Court on September 26, 2011.

## III.  DISCUSSION

### A.  Standard of Review - Motion to Dismiss

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true.  See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn.

---

[1] In considering Defendants' Motions to Dismiss, the Court takes the facts alleged in Plaintiffs' Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

[2] At the January 6, 2012 hearing, Defendants and Plaintiffs agreed that Defendants were in possession of most, if not all, of the promissory notes, and that Plaintiffs had been shown these notes.  This fact does not change the Court's analysis and is not considered here.

1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) has been interpreted to mean that a pleading must allege "enough facts to state a claim of relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This plausibility determination is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

B.   **Bank Defendants' Motion to Dismiss**

Plaintiffs' Amended Complaint asserts thirteen causes of action, all based on the central claims that the Bank Defendants lack the legal right to foreclose by advertisement. Plaintiffs argue that Bank Defendants must be both the record mortgagee and the holder of the promissory note in order to foreclose by advertisement. Bank Defendants argue, conversely, that the "show

3

me the note" argument has been expressly rejected in Minnesota courts and that several of the alleged causes of action are not cognizable claims.

### 1. "Show me the note" Argument

Plaintiffs argue, without citation, that "[t]he power of sale is a remedy reserved to the note holder for nonpayment; it thus follows that the mortgagee cannot act without either owning the note or without the authorization of the entity entitled to invoke the power of sale, the note holder." Mem. in Opp'n to Defs.' Mot. to Dismiss [Docket No. 37] 9. This argument has been colloquially dubbed the "show me the note" theory, a theory that an entity must hold and exhibit the promissory note as well as the mortgage deed in order to foreclose on a property. See, e.g., Stein v. Chase Home Fin., LLC, Civ. No. 09-1995, 2010 WL 4736828, at *3–4 (D. Minn. Aug. 13, 2010) (explaining that the "show me the note" theory is that "only the holder of an original wet-ink signature note has the lawful power to initiate a non judicial foreclosure.") (quotation omitted).

This is not the law in Minnesota — the holder of a security instrument may foreclose without possession of the promissory note. Minnesota courts, in keeping with the rest of the nation, have consistently rejected the "show me the note" argument. See Jackson v. Mortg. Elec. Reg. Sys., Inc., 770 N.W.2d 487, 498–501 (Minn. 2009) (holding that Minnesota statutes and common law do not require possession of a promissory note for foreclosure by advertisement and that "a party can hold legal title to the security instrument without holding an interest in the promissory note"); Butler v. Bank of America, N.A., Civ. No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011) ("a reading of the opinion can leave no doubt that Jackson holds that a

mortgagee is not required to have any interest in the promissory note in order to foreclose."); Larsen v. Bank of America, Civ. No. 11-1775, 2011 WL 6065426, at *7 (D. Minn. July 21, 2011) ("This [show me the note] theory has been rejected by courts in this district, as well as other jurisdictions."); Iverson v. Wells Fargo Bank, N.A., No. 11-cv-2225, 2011 WL 6065358, at *3 (D. Minn. Oct. 25, 2011) ("the 'show me the note' defense against foreclosure has been soundly rejected by the Minnesota Supreme Court."). The U.S. Court of Appeals for the Eighth Circuit has also rejected the "show me the note" theory. See Stein v. Chase Home Fin., LLC, 662 F.3d 976, 980 (8th Cir. 2011) ("the right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage.").

Plaintiffs' entire claim in this case is based on a legal fallacy that Plaintiffs' counsel William Butler, Esq., has doggedly refused to acknowledge. See Iverson, 2011 WL 6065358, at *3 ("[Butler's] claim . . . is predicated on the legal fiction that only the holder of a promissory note may foreclose on a mortgage."); Larsen, 2011 WL 6065426, at *8 ("[T]he allegations . . . depend on [Butler's] misunderstanding or refusal to acknowledge the holding of Jackson – that a mortgagee does not need to have an interest in a promissory note to foreclose on a mortgage."). Plaintiffs rely solely on In re Banks, 457 B.R. 9 (B.A.P. 8th Cir. 2011), for their assertion that foreclosure by advertisement is unlawful without possession of the promissory note. See Mem. in Opp'n to Defs.' Mot. to Dismiss 6 ("[T]he 8th Circuit Court of Appeals in *In Re Banks* . . . resoundingly disposes of the notion that a mortgagee who does not hold the note but only the mortgage has a valid lien on real property."). Plaintiffs seriously misconstrue the court's holding in In re Banks, given that the case does not address a foreclosure by advertisement but rather the right of a creditor to enforce a promissory note in a bankruptcy proceeding. 457 B.R. 9, 11–12.

5

Plaintiffs also misread Jackson as standing for the "proposition that the mortgage holder needs more than just the recorded mortgage document or assignment to have the right to foreclose under Minnesota law." Mem. in Opp'n to Defs.' Mot. to Dismiss 11. This is simply not true. Jackson, 770 N.W.2d at 501 ("[A] party can hold legal title to the security instrument without holding an interest in the promissory note."). Accordingly, Plaintiffs' claims are dismissed.

### 2.     Failure to State Cognizable Claims

Two of Plaintiffs' counts – that "Defendants Are Not Real Parties in Interest" and that "Defendants Do Not Have Legal Standing to Foreclose Mortgages" – are not causes of action in the state of Minnesota. Because these causes of action fail to state a cognizable claim, they are dismissed on this basis also.

### C.     W&G's Motion to Dismiss

Plaintiffs assert six causes of action against W&G, five of which include the Bank Defendants and are premised on the "show me the note" legal theory. The only cause of action Plaintiffs allege against W&G individually is fraud. W&G argues that to the extent Plaintiffs' claims against it are predicated on the "show me the note" theory requiring physical possession of the promissory note for foreclosure by advertisement, those claims warrant dismissal because they are contrary to Minnesota law. See Jackson, 770 N.W.2d 487. Moreover, W&G argues that it is entitled to immunity for its actions within the scope of employment as legal counsel. The Court agrees.

As discussed previously, the "show me the note" legal theory at the center of this case has been expressly rejected by Minnesota courts. Therefore, the six causes of action against W&G fail because the underlying theory for the Bank Defendants' liability fails. Furthermore, Plaintiffs' fraud claim against W&G fails because it is not pled with the heightened specificity required. Claims of fraud must be pled with particularity. See Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake."). This heightened pleading standard requires complaints to specifically allege the "who, what, when, where, and how" of the fraud. United States ex. rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). Plaintiffs' fraud claim here does not include the required specificities, alleging only that W&G "induced the Plaintiffs . . . to forbear from pursuing their legal right to challenge the legal standing of [Bank Defendants] . . . ." Am. Compl. ¶ 119. This claim, therefore, fails to sufficiently plead a fraud claim and is dismissed on this basis as well.

Lastly, an attorney has immunity for conduct engaged in as "part of the discharge of his duties in representing a party in a lawsuit." Iverson, 2011 WL 6065358, at * 3 (quotation omitted); see generally, McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970) ("an attorney acting withing the scope of his employment . . . is immune from liability to third persons for actions arising out of that professional relationship . . . . [unless the attorney] is dominated by his own personal interest or knowingly participates with his client in the perpetration of a fraudulent or unlawful act."). This attorney immunity does not cover affirmative misrepresentations. Iverson, 2011 WL 6065358, at * 3 (citing L&H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 380 (Minn. 1989)). Plaintiffs have failed to allege facts sufficient to establish that W&G made

affirmative misrepresentations or knowingly participated in fraud or unlawful acts, and therefore Plaintiffs' claims against W&G must be dismissed.

**D.     Motion to Remand**

Plaintiffs urge this Court to reconsider the jurisdictional issues of this case, contending that diversity jurisdiction is inappropriate here because W&G is not fraudulently joined.  Bank Defendants and W&G counter that Plaintiffs fraudulently joined W&G, a Minnesota law firm, in order to defeat diversity jurisdiction and removal to federal courts, although there was no valid claim against W&G.

While a federal court may remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c), an out-of-state defendant's right to remove a suit to federal court on diversity jurisdiction "cannot be defeated by a fraudulent joinder of a resident defendant." Simpson v. Thomure, 484 F.3d 1081, 1083 (8th Cir. 2007) (quoting Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003).  The citizenship of the non-diverse defendant is ignored if fraudulent joinder is found.  Id.

Here, W&G was fraudulently joined in an effort to defeat diversity jurisdiction and preclude removal to federal court.  As discussed previously, the claims against W&G are dismissed because they are barred by attorney immunity, they are insufficiently pled, and they are premised on a flawed legal theory.  Mr. Butler has a pattern of including fraudulently joined

parties to his "show me the note" suits, apparently hoping to evade federal court where his nearly identical claims were summarily dismissed three times in 2011.  See Iverson, 2011 WL 6065358, at *3; Larsen, 2011 WL 6065426, at *6–8; Butler, 2011 WL 2728321, at *3.  This lawsuit is no different.  Because Plaintiffs' filing was frivolous and clearly, facially illegitimate, joinder was fraudulent and the motion to remand is denied.

While the staggering number of foreclosures amidst the ongoing housing crisis suggests that more than a few banks may have violated homeowners' rights, baseless cases like this one brought by Mr. Butler detract and distract from serious, legitimate claims.  The filings in these recent motions, as well as Mr. Butler's pattern of previous and pending cases based on the meritless "show me the note" theory, should be considered in the upcoming hearing on Bank Defendants' Motion for Sanctions [Docket No. 39].

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Bank Defendants' Motion to Dismiss Amended Complaint [Docket No. 7]  is **GRANTED**;

2. W&G's Motion to Dismiss Amended Complaint [Docket No. 10] is **GRANTED**;

3. Plaintiffs' Amended Complaint [Docket No. 6] is **DISMISSED** with prejudice; and

4. Plaintiffs' Motion to Remand [Docket No. 23] and Amended Motion to Remand [Docket No. 33] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 12, 2012.