UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin M. Murphy, Kathleen K. Murphy,
James L. Lang, Charlene Ann Brady,
Erika R. Hogenson, Harold J. Thompson, III,
Julianne Thompson, Miriam E. Stone,
May K. Vang, Jeffrey A. Kirschbaum,
Tou A. Vang,

    Plaintiffs,

v.

    **MEMORANDUM OPINION**
    **AND ORDER**
    Civil No. 11-2750 ADM/JJK

Aurora Loan Services, LLC; Aurora Bank FSB;
Mortgage Electronic Registration Systems, Inc.;
Merscorp, Inc.; Wilford & Geske, P.A.,

    Defendants.

___

James L. Gunn, IV, Esq., Gunn Legal Services, LLC, Woodbury, MN, on behalf of Plaintiffs Kevin and Kathleen Murphy.

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

J. Matthew Goodin, Esq., and Julie C. Webb, Esq., Locke Lord LLP, Chicago, IL; and, Michael R. Sauer, Esq., and Eric D. Cook, Esq., Wilford Geske & Cook, P.A., Woodbury, MN, on behalf of Defendants.

___

  This matter is before the undersigned United States District Judge for a ruling on Plaintiffs' Objections [Docket Nos. 165 and 166] (the "Objections") to Magistrate Judge Jeffrey J. Keyes' May 31, 2013 Order [Docket No. 164]. Judge Keyes denied Plaintiffs' Joint Motion for Leave to File a Second Amended Complaint [Docket No. 147]. In addition, Judge Keyes found Plaintiffs' attorney William Butler did not show cause for submitting claims against Wilford & Geske, P.A. ("Wilford"), in a Second Amended Complaint, in light of the Eighth Circuit Court of Appeal's dismissal of all claims against Wilford. As a result, Mr. Butler was

ordered to pay a sanction of $25,000 pursuant to Rule 11 of the Federal Rules of Civil Procedure.  For the reasons stated below, Plaintiffs' Objections are overruled and Mr. Butler's sanction is affirmed.

The standard of review for an objection to a magistrate judge's order on nondispositive issues is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The magistrate judge's order whether to allow a second amendment of a complaint will be affirmed by the district court unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Commissioner, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A decision is "contrary to law" when it misapplies or does not apply the relevant case law, statutes, or rules of procedure.  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008).

Judge Keyes' May 31, 2013 Order is not clearly erroneous or contrary to law.  In denying Plaintiffs' Motion to File a Second Amended Complaint, Judge Keyes found the proposed pleading did not meet pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Since the proposed pleading did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Judge Keyes concluded the pleading may, and in this case should, "be rejected based on futility, prejudice, or undue delay resulting from the burdens of additional discovery and delay to the proceedings."  May 31, 2013 Order at 8-9 (citing McAninich v. Wintermute, 491 F.3d 759, 766-67 (8th Cir. 2007)).  Because the May 31, 2013

Order committed no legal error and correctly applied relevant case law and rules of procedure, it is neither clearly erroneous nor contrary to law.

The Eighth Circuit Court of Appeals has not determined whether Rule 11 sanctions are dispositive or nondispositive.  See Phil-Insul Corp. v. Reward Wall Sys., No. 8:12CV91, 2013 U.S. Dist. LEXIS 75247, at *4-6 (D. Neb. May 29, 2013) (listing the different holdings among Circuits that have decided the issue).

In this case, the Court need not resolve this issue of law.  Even under de novo review, the Court affirms Judge Keyes' well-reasoned order.  The Court has reviewed Mr. Butler's submissions in connection with the Rule 11 sanction, as well as his objection thereto.  The Court finds no error in the Judge Keyes' findings.  Mr. Butler proposed suing Wilford in a Second Amended Complaint despite the Eighth Circuit's dismissal of all claims against Wilford.  Judge Keyes was correct in determining that Mr. Butler has "done nothing more than repeat conclusory allegations that fail to pass muster with the Eighth Circuit."  May 31, 2013 Order at 13.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Docket Nos. 165 and 166] are **OVERRULED**;

2. Judge Keyes' May 31, 2013 Order [Docket No. 164] is **ADOPTED**; and,

3. Pursuant to Fed. R. Civ. P. 11, attorney William Butler shall pay into Court the sanction of $25,000, originally ordered by Judge Keyes.  This amount is due and payable within 10 days of the issuance of this Order.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 20, 2013.