UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin M. Murphy, Kathleen K. Murphy,
James L. Lang, Charlene Ann Brady,
Erika R. Hogenson, Harold J. Thompson, III,
Julianne Thompson, Miriam E. Stone,
May K. Vang, Jeffrey A. Kirschbaum, and
Tou A. Vang,

          Plaintiffs,

v.

Aurora Loan Services, LLC, Aurora Bank FSB,
Mortgage Electronic Registration Systems, Inc.,
MERSCORP, Inc., and Wilford & Geske, P.A.,

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-2750 ADM/JJK

_____

James L. Gunn, IV, Esq., Gunn Legal Services, LLC, Woodbury, MN, on behalf of Plaintiffs Kevin and Kathleen Murphy.

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

J. Matthew Goodin, Esq., and Julie C. Webb, Esq., Locke Lord LLP, Chicago, IL; and, Michael R. Sauer, Esq., and Eric D. Cook, Esq., Wilford Geske & Cook, P.A., Woodbury, MN, on behalf of Defendants.

William F. Mohrman, Esq., Mohrman & Kaardal P.A., Minneapolis, MN, on behalf of William B. Butler.

_____

## I. INTRODUCTION

On August 15, 2013, the undersigned United States District Judge heard oral argument on Defendants Aurora Loan Services, LLC, Aurora Bank FSB, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.'s (collectively "Bank Defendants") second Motion to Dismiss Amended Complaint [Docket No. 127]. Additionally, the Court heard Plaintiffs Kevin M. Murphy and Kathleen K. Murphy's (collectively "Murphy Plaintiffs") Motion to Sever

[Docket No. 160]. For the reasons set forth below, Bank Defendants' Motion to Dismiss is granted, and Murphy Plaintiffs' Motion to Sever is denied. Finally, the Court heard Bank Defendants and William B. Butler's ("Butler") arguments regarding this Court's reconsideration of the amount of Butler's sanctions.

## II. BACKGROUND[1]

Plaintiffs are homeowners and mortgagors with residential properties in four Minnesota counties. Am. Compl. [Docket No. 6] ¶¶ 1-8. Plaintiffs allege that they executed original promissory notes and mortgages with an entity different than the Bank Defendants, and that Bank Defendants are not in possession of Plaintiffs' promissory notes because they securitized and sold the notes. Id. ¶¶ 17-19, 27, 30. Plaintiffs' Amended Complaint claims that without possession of these promissory notes, Bank Defendants' foreclosures by advertisement of Plaintiffs' properties are unlawful. Id. ¶¶ 35, 37. In addition, Plaintiffs allege Defendants' foreclosures by advertisement are invalid because the "Notices of Pendency, Powers of Attorney, and Mortgage Assignments were not executed by an authorized individual" and the "Assignments of Plaintiffs' Mortgages were invalid." Id. ¶¶ 57(f) and (g).

**A. First Motion to Dismiss**

On January 12, 2012, Defendants' first motion to dismiss Plaintiffs' amended complaint was granted. Murphy v. Aurora Loan Servs., LLC, No. 11-2750, 2012 U.S. Dist. LEXIS 3941 (D. Minn. Jan. 12, 2012) (Montgomery, J.). The Court ruled Defendant Wilford & Geske, P.A. was fraudulently joined. Despite receiving admonishment in several other similar cases, Butler

---

[1] In considering Defendants' Motion to Dismiss, the Court takes the facts alleged in Plaintiffs' Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

advanced an invalid "show me the note" theory of the case, in which an entity must hold and exhibit the promissory note as well as the mortgage deed to legally foreclose on a property. Id. at *5. The Court found under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs had failed to state a claim against the Bank Defendants. Id. Plaintiffs appealed. While the appeal was pending, Bank Defendants sought sanctions against Butler for bad faith conduct in litigating this suit pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Magistrate Judge Jeffrey J. Keyes found Rule 11 sanctions were warranted. "[I]t appears that there was little, if any, factual basis for Plaintiffs' 'show me the note' claims." Murphy v. Aurora Loan Servs., LLC, 859 F. Supp. 2d 1016, 1020 (D. Minn. 2012). "Moreover, there is nothing that supports that Plaintiffs' theories are warranted by existing law." Id. Finally, Judge Keyes held:

> What makes matters particularly worse in Mr. Butler's pursuit of these discredited legal theories, is that he does not make a good faith effort to argue for a change in the law. Instead he continues to refuse to acknowledge that these "show me the note" claims are based on a "legal fallacy."

Id. at 1020-21. Among other reasons for the sanctions, Judge Keyes determined a sanction of $50,000 would partially reimburse Bank Defendants' fees and costs in defending this baseless litigation, but its primary purpose would be to "deter baseless filings" in accordance with Rule 11. Id. at 1022 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). Butler objected to Judge Keyes' Rule 11 sanction. On July 10, 2012, this Court overruled his objections and affirmed Judge Keyes' Order. See Murphy v. Aurora Loan Servs., LLC, No. 11-2750, slip op. (D. Minn. July 10, 2012) [Docket No. 89].

On November 8, 2012, the Eighth Circuit Court of Appeals affirmed dismissal of all Plaintiffs' claims based on "show me the note" theory. See Murphy v. Aurora Loan Servs.,

LLC, 699 F.3d 1027 (8th Cir. 2012) (the "show me the note" theory is precluded by Jackson v. Mortg. Elec. Reg. Sys., Inc., 770 N.W.2d 487, 498-501 (Minn. 2009)).  However, the Eighth Circuit determined that the parties had not briefed and the District Court had not considered possible alternative theories which could not be subsumed under the "show me the note" theory that could be argued from Amended Complaint, ¶¶ 57(f) and (g).  Therefore, the case was remanded on this limited basis "to allow the district court to address the matter in the first instance." Id. at 1034.  In a separate, parallel appeal, the Eighth Circuit affirmed the District Court's decision to sanction Butler.  Murphy v. Aurora Loan Servs., LLC, No. 12-2902, 2013 U.S. App. LEXIS 15219, at *6 (8th Cir. July 26, 2013).  However, because the Eighth Circuit had granted a limited remand, the appellate court asked this Court to reconsider the amount of the award of sanctions.  Id.

**B.  Procedural Complications and Second Motion to Dismiss**

On February 15, 2013, Defendants filed their second Motion to Dismiss to address the remanded claims.  Defendants argued that the remanded quiet-title theories in Amended Complaint ¶¶ 57(f) and (g) fail to state a claim and should be dismissed pursuant to Rule 12(b)(6). The Murphy Plaintiffs, clearly dissatisfied with their representation by Butler, hired Gunn Legal Services, LLC to represent them on appeal and after the case was remanded.  Butler continued to represent the remaining Plaintiffs ("Butler Plaintiffs").  However, the Plaintiffs were still collectively suing Defendants based on the Amended Complaint.  Judge Keyes, who issued the pre-trial briefing schedule, held that discovery should not move forward until this Court addressed the remanded claims.  Murphy v. Aurora Loan Servs., LLC, No. 11-2750, 2013 U.S. Dist. LEXIS 76461, at *4 (D. Minn. May 31, 2013).  Judge Keyes related what happened

4

next:

> Several weeks later, Plaintiffs filed two "amended complaints," which were both stricken because Plaintiffs failed to obtain leave of court prior to filing. The Court then allowed Plaintiffs to file a motion seeking leave to amend, and directed Plaintiffs' counsel that they must file their motion jointly and that they must submit one joint proposed [Second] Amended Complaint. On March 28, 2013, Plaintiffs filed their motion, and on April 24, 2013, the Court held a hearing on the matter.[2]

Id. at *4-5. Even though Judge Keyes specifically asked the Plaintiffs' attorneys to work together to file a consolidated proposed complaint, the attorneys simply "combine[d] their proposed [stricken] Amended Complaints into one document, one after the other, so that Butler's facts, claims, and signature block appears first, and Gunn's facts, claims, and signature block appears second." Id. at *9. As Judge Keyes found, Plaintiffs' proposed amendments to their Amended Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure; therefore, their motion for leave to file the Second Amended Complaint was denied. Id., adopted and objection overruled, 2013 U.S. Dist. LEXIS 86795 (D. Minn. June 20, 2013). Judge Keyes found denial of leave to amend is appropriate because Plaintiffs' proposed amendments are "unclear, muddled, confusing, and redundant, or are conclusory." Murphy, 2013 U.S. Dist. LEXIS 76461, at *10-11. Nonetheless, Judge Keyes fully considered the Butler Plaintiffs' proposed amendments and then, on their own merit, the Murphy Plaintiffs' proposed amendments. Id. at *12-26. In the 72 pages of the Amended Complaint and 2,000 pages of exhibits, Plaintiffs' amendments still failed to state a claim for which relief can be granted under Rule 12(b)(6). Judge Keyes thus also found amendment inappropriate for the additional reason that the amendments as proposed would be futile. Id. at *10-11.

---

[2] The parties agreed to delay the hearing of the second motion to dismiss pending a decision on leave to file a second amended complaint [Docket No. 140].

Finally, on April 26, 2013, Judge Keyes issued an Order to Show Cause [Docket No. 153] ordering Butler to show why he should not be sanctioned for signing, filing, submitting, and advocating for claims against Defendant Wilford & Geske, P.A., in light of the Eighth Circuit's dismissal of all claims against the firm. Id. at *1. When Butler could not justify his claims against Wilford & Geske, Judge Keyes noted:

> Mr. Butler is a serial violator of Rule 11 and seems to wear the sanctions imposed by this Court as a badge of honor, rather than a mark of conduct that most attorneys would be ashamed to admit. Despite this, however, this Court is nevertheless limited in what it can do, at least at this point in time, to deter Mr. Butler's conduct . . . .

Id. at *19. Judge Keyes ruled that a $25,000 sanction will deter Butler from further similar conduct. Id. at *19-20, sanctions allowed, 2013 U.S. Dist. LEXIS 86795.

### III. DISCUSSION

**A. Standard of Review - Motion to Dismiss**

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) has been interpreted to mean that a pleading

must allege "enough facts to state a claim of relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This plausibility determination is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## B. Bank Defendants' Motion to Dismiss

The Eighth Circuit remanded for this Court's consideration two of Plaintiffs' quiet-title claims that do not rely on the failure of the foreclosing party to produce the note. See Am. Compl. ¶¶ 57(f),(g); Murphy, 699 F.3d at 1033. The Eighth Circuit concluded that this Court's wholesale dismissal of the quiet-title claim pursuant to Jackson meant the Court had not considered these two claims because "neither party provided briefing specific" to these two issues. However, during the procedural delays of this case on remand, the Eighth Circuit ruled on Karnatcheva v. JP Morgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013) and Iverson v. Wells Fargo Bank, N.A., 502 F. App'x 624 (8th Cir. Minn. 2013). These rulings are dispositive of this case. The Court in Iverson found:

> As in Murphy, "two of the quiet-title theories do not rely on the failure of the foreclosing party to produce the note," and accordingly they avoid the taint of the soundly rejected "show-me-the-note" theory. Nonetheless, the district court properly dismissed these claims for "alleg[ing] mortgage invalidity on the basis of various assertions that are wholly unsupported by facts." In Karnatcheva, this court held that identically worded claims were deficient under federal pleading standards

7

because they were nothing more "than labels and conclusions, based on speculation." Accordingly, we affirm the district court's dismissal for failure to state a claim.

502 F. App'x at 625-26 (internal citations omitted). Combing the Amended Complaint for facts regarding Notices of Pendency, Powers of Attorney, and Mortgage Assignments "not executed by an authorized individual" or Assignments of Plaintiffs' Mortgages being invalid, the Court finds only labels and conclusions, and no supported facts. See Am. Compl. ¶¶ 15, 40, 43, 51, 52. Because Plaintiffs simply allege misconduct without supporting facts, the claims cannot survive a Rule 12(b)(6) motion and are dismissed.

**C. Motion to Sever**

Murphy Plaintiffs' motion to sever is rendered moot by the dismissal of all Plaintiffs' claims. Plaintiffs' motion for leave to amend its complaint for a second time was denied in June 2013, which means the first Amended Complaint is the operative document for all the Plaintiffs. The Murphy Plaintiffs' arguments for separate claims were addressed and their amendments were dismissed as futile for failure to state a claim. Therefore, there is no separate case, particular to the Murphy Plaintiffs, which should be severed.

**D. Reconsideration of the Amount of Sanction**

Acknowledging that the Court "may ultimately conclude the original award [of $50,000 sanctions] is appropriate," the Eighth Circuit nonetheless directed the Court to reconsider the amount of sanctions. Murphy, 2013 U.S. App. LEXIS 15219, at *6.

When faced with a motion for sanctions, a court considers the legal issue of "whether a pleading is warranted by existing law or a good faith argument for changing the law." Cooter & Gell, 496 U.S. at 399 (internal quotations omitted). A court also considers the factual basis for an attorney's filing. Id. Finally, a court "must exercise its discretion to tailor an appropriate

8

sanction." Id.

Judge Keyes carefully examined each issue. He found that "most of Plaintiffs' claims were premised on the 'show me the note' legal theory." Murphy, 859 F. Supp. 2d at 1020. Judge Keyes found that this theory had been rejected by the Minnesota Supreme Court and the Eighth Circuit, citing cases Butler himself had previously litigated. Id. Sanctions were required because Butler continues in "pursuit of these discredited legal theories, [and] he does not make a good faith effort to argue for a change in law; instead he continues to refuse to acknowledge that these "show me the note" claims are based on a 'legal fallacy.'" Id. at 1021. This Court agreed, Butler "has not provided any reason to extend, modify, or reverse existing law; he instead merely insists that his reading of the relevant law is correct without any genuine attempt to distinguish binding adverse precedent." Murphy, slip op., at *3 [Docket No. 89]. Judge Keyes also found most of the promissory notes Butler alleged the Defendants did not have were in fact in their possession. Murphy, 859 F. Supp. 2d at 1020. "Therefore, it appears there was little, if any, factual basis for Plaintiffs' 'show me the note' claims." Id.

Finally, Judge Keyes carefully considered an appropriate sanction for Butler's conduct. He rejected requiring Butler to attend a comprehensive continuing education program on laws governing foreclosure by advertisement in Minnesota because "Butler knows exactly what he is doing." Id. at 1026. Judge Keyes declined requiring Butler to refund all fees collected from the Plaintiffs in this action.[3] Id. Instead, Judge Keyes performed a lodestar analysis of Bank Defendants' fees and costs. Taking into consideration Butler's arguments that Bank Defendants'

---

[3] Judge Keyes recognized that "the refund of fees could possibly result in an inappropriate windfall to Plaintiffs." Murphy, 859 F. Supp. 2d at 1026.

9

estimate of over $100,000 was excessive, Judge Keyes calculated a more reasonable rate for attorneys fees. Id. at 1023-24. From this rate, Judge Keyes concluded that a sanction of $50,000 would serve the primary purpose of deterring Butler's conduct in the future and it would partially reimburse Bank Defendants for their costs and fees. Id. at 1023-26. This Court independently considered Butler's objections to the sanctions, but decided that Judge Keyes' sanction award was appropriate. See Murphy, slip op., at *5 [Docket No. 89].

Butler now argues that $50,000 is an excessive sanction amount because the Eighth Circuit's remand of Plaintiffs' quiet-title theories in ¶¶ 57(f) and (g) prove that his claims were not frivolous. However, the Court's sanctions were not based on ¶¶ 57(f) and (g) theories, which he failed to brief or defend until the Eighth Circuit took notice of them on appeal. The sanctions were instead based on his repeated assertion of the legally invalid "show me the note" theory and on the complete lack of a factual basis for even challenging the Court's rejection of that theory.[4] Therefore, the Court again finds that $50,000 was the appropriate amount of sanction at the time it was imposed.

That said, significant time has passed since sanctions were awarded. Since then, Bulter was cited for contempt of court in this case for nonpayment, and sanctioned an additional $2,500 to counsel for Bank Defendants and $5,000 to the Clerk of Court. Murphy, No. 11-2750, slip op., at *7 (D. Minn. Sept. 4, 2012)[Docket No. 106]. Butler's pattern of conduct continued on limited remand of the case. Instead of proposing to amend his complaint to focus on the remaining issues, Butler again brought claims against Defendant Wilford & Geske, claims which

---

[4] As explained above, Plaintiffs' ¶¶ 57 (f) and (g) claims were as deficient in factual support as the rest of Plaintiffs' claims

10

the Court had dismissed for fraudulent joinder, the dismissal of which the Eighth Circuit had affirmed. See Murphy, 2013 U.S. Dist. LEXIS 86795 ($25,000 sanction imposed). To date, Butler has not paid any of these sanctions. The Court takes judicial notice of the fact that Butler's inappropriate conduct has not been limited to this case. Butler faces over $320,000 in total sanctions in this district.[5] Therefore the deterrence goal, which is the primary purpose of Rule 11, is not served by piling sanctions on Butler, especially when they appear to have little deterrent effect at this time. However, Bank Defendants should not be deprived of the $50,000 in partial attorney fees and costs that the Court granted it in the first place. However the additional $25,000 sanction for bringing claims against Wilford & Geske is rescinded, as well as the additional sanctions ordered on September 4, 2012. The original $50,000 sanction for partial attorney fees and costs will stand.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Bank Defendants' Motion to Dismiss [Docket No. 127] is **GRANTED**;

2. Murphy Plaintiffs' Motion to Sever [Docket No. 160] is **DENIED** as moot; and,

3. Pursuant to Fed. R. Civ. P. 11, attorney William B. Butler shall pay to Defendants Aurora Loan Services, LLC, Aurora Bank FSB, Mortgage

---

[5] Butler's conduct is, at this point, subject to an investigation by the federal judiciary to determine his "fitness to appear before this court, and to make a recommendation regarding appropriate disciplinary actions or sanctions." Order Appointing the Honorable James M. Rosenbaum To Investigate, In re: William B. Butler, Civ. No. 13-mc-49, (D. Minn. Sept. 3, 2013) (Davis, C.J.) [Docket Nos. 2 and 3]; see also Show Cause Order on Attorney Discipline, In re: William B. Butler, Civ. No. 13-9013 (8th Cir. Aug. 14, 2013).

Electronic Registration Systems, Inc., and MERSCORP, Inc. a sanction in the amount of $50,000, for part of their fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 5, 2013.